IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RILEY NICOLE SHADLE,

                Plaintiff,

      v.

SCOTT FRAKES, RANDY KOHL, FRED
BRITTEN, DIANA SABATKA-RINE, KARI
PAULSEN, LT. SULLY, RICKY WRAY,
CORPERAL MCINTOSH, JANICE RIHN,
JONATHAN LOCUS, CORPERAL JIMINEZ,
ALL MALE EMPLYEES OF LCC, and S.
FREDENBERG,

                Defendants.

**8:16CV546**

**MEMORANDUM AND ORDER**

      This matter is before the court on plaintiff's motion for a temporary restraining order (TRO), Filing No. 9, and motion for an emergency ruling, Filing No. 18.  Plaintiff who is pro se filed his complaint alleging violations of his civil rights by the defendants pursuant to 42 U.S.C. § 1983, and particularly his Eighth and Fourteenth Amendment rights.  Filing No. 1. Plaintiff has gender dysphoria according to his complaint.  He legally changed his name from Dillon Andrew Shadle to Riley Nicole Shadle on September 14, 2015.[1]

      Plaintiff is a resident of the Lincoln Correctional Facility. Plaintiff contends that defendants have refused his request to purchase female clothing and to wear the same.  He has also allegedly been denied hormone treatment.  He further contends he is subjected to male staff strip searches.  He says these searches are done continuously, and he has had ten strip searches in the 30 days prior to his complaint.  He receives threats and harassment because of his gender issues.  He has had to have his shower times changed

---

[1] The court first notes that defendants have not yet been served.  The court will issue an initial review in conjunction with this memorandum and order in that regard.

and his unit changed, because of his gender. He was assaulted by three other inmates, because he is transgender. He was also assaulted by an inmate because he is transgender, but both he and the attacker were maced by the guards. He then spent 12 days in segregation, even though he was the victim. He spent additional time in segregation for his "safety". His legal papers have also been confiscated by inmates and guards and not returned.

Plaintiff moves for an immediate TRO ordering: his hormone and testosterone blockers; authorization for him to purchase female clothing and products at his expense; an immediate ban on strip searches by male staff members; use of his legal name; evaluation for inpatient residential treatment; transition counseling; placement in the moral recognition therapy; evaluation for gender reassignment surgery by a qualified health provider; and transfer to a woman's facility. Filing No. 9.

When evaluating whether to issue a preliminary injunction, a district court should consider four factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011). A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant. *Roudachevski*, 648 F.3d at 701, 705 (8th Cir. 2011). No single factor is determinative, although the failure to demonstrate the threat of irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction. *See Adam-Mellang v. Apartment Search, Inc.,* 96 F.3d 297, 299 (8th Cir. 1996); *see also Modern Computer Sys., Inc. v. Modern Banking Sys.*, Inc., 871 F.2d 734, 738 (8th Cir.

2

1989) (en banc). The burden on a movant to demonstrate that a preliminary injunction is warranted is heavier when granting the preliminary injunction will in effect give the movant substantially the relief it would obtain after a trial on the merits. *Calvin Klein Cosmetics Corp. v. Lenox Lab.*, 815 F.2d 500, 503 (8th Cir. 1987).

Success on the merits has been referred to as the most important of the four factors, but it is insufficient on its own. *Roudachevski*, 648 F.3d at 706. Even when a plaintiff has a strong claim on the merits, preliminary injunctive relief is improper absent a showing of a threat of irreparable harm. *Id.* The threat of irreparable harm requirement is a necessity in proving the propriety of preliminary injunctive relief. *Id.* To succeed in demonstrating a threat of irreparable harm, "a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Id.* (quoting *Iowa Utils. Bd. v. Fed. Commc'ns Comm'n,* 109 F.3d 418, 425 (8th Cir. 1996)).

The court finds as follows. First, with regard to the threat of irreparable harm, the court agrees that based on the facts presented to date, assuming them to be true, plaintiff has experienced harm because of his gender identity. However, the court does not believe at this point in the case that such harm is irreparable so as to require it to immediately order hormone therapy, a change of prisons, and permission to wear clothing that is more specific for the identified gender. The court does not have sufficient evidence to conclude that the harm is immediate and irreparable.

Second, the court finds that the balance of harm is significant for both sides, but it leans towards the plaintiff. Plaintiff has a right to be free from assault and harassment because of his gender identity, and a prisoner should not have to live in lockdown because of his gender identity.

Third, the court cannot determine the merit of the plaintiff's allegations at this point in the case.  The plaintiff might lose on the merits, might win on the merits, or might win and lose in part.  However, at this stage in the proceeding, the court cannot say that plaintiff is likely to win on the merits.

Finally, the public interest is a consideration in motions for injunctions.  In this particular case, the public has an interest in ensuring our jails treat prisoners with respect and dignity, and without discrimination based on gender identity.  The public has a further interest in having courts review all the facts and make an objective determination in this regard.

In summary, the court finds the plaintiff has not met his burden at this time, so as to allow the court to grant a temporary restraining order.  However, in view of the alleged facts, the court will immediately issue an order on initial review, order the defendants to answer, and order the magistrate judge to fast track the discovery.

THEREFORE, IT IS ORDERED THAT plaintiff's motion for a temporary restraining order, Filing No. 9, and his motion for an emergency ruling, Filing No. 18, are denied at this time.

Dated this 7th day of April, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4