IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RILEY NICOLE SHADLE, | |
| Plaintiff, | **8:16CV546** |
| v. | |
| SCOTT FRAKES, RANDY KOHL, FRED BRITTEN, DIANA SABATKA-RINE, KARI PAULSEN, LT. SULLY, RICKY WRAY, CORPERAL MCINTOSH, JANICE RIHN, JONATHAN LOCUS, CORPERAL JIMINEZ, ALL MALE EMPLYEES OF LCC, and S. FREDENBERG, | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the court on initial review of Plaintiff Riley Nicole Shadle's Complaint. Filing No. 1.  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A.  For the reasons discussed below, the court will allow Shadle's Eighth and Fourteenth Amendment claims to proceed to service of process.

I.    **SUMMARY OF COMPLAINT**

Shadle is incarcerated at the Lincoln Correctional Center in Lincoln, Nebraska. Shadle alleges that he suffers from gender identity disorder ("GID").  The court can infer from Shadle's allegations that he was born male, but identifies as female.  In addition, he alleges he has a history of harming himself, including an attempt to castrate himself. Shadle alleges defendants have refused to provide him with hormone therapy to treat his gender identity disorder.  Shadle indicates that the stated reason for denying hormone therapy is that he was not in the process of gender transformation when he was incarcerated.  For relief, Shadle asks for an order requiring prison officials to treat

him with "feminizing hormones" and a gender reassignment surgery and to permit him to wear women's clothes.

## II.    STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders,* 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

2

### III.    DISCUSSION

Shadle claims that defendants are not treating his gender identity disorder in violation of his constitutional rights.  For relief, Shadle seeks female hormone therapy and gender reassignment surgery.   At this stage in the proceedings, the court expresses no opinion on whether female hormone therapy or gender reassignment surgery is medically necessary for Shadle or whether prison officials have legitimate reasons for denying him such treatment.   But, the court finds that the allegations in Shadle's Complaint are sufficient to state a claim for relief.  *See Rosati v. Igbinoso*, 791 F.3d 1037 (9th Cir. 2015) (finding inmate stated a cause of action under the Eighth Amendment based on denial of request for sex reassignment surgery); *De'lonta v. Johnson*, 708 F.3d 520, 526 n. 4 (4th Cir. 2013) (same); *Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1117 (N. D. Cal. Mar. 31, 2015) (same); *Soneeya v. Spencer*, 851 F. Supp. 2d 228, 245 (D. Mass. Mar. 29, 2012) (finding inmate diagnosed with GID, with a history of suicide attempts and self mutilation, had a serious medical condition for which the Eighth Amendment required treatment); *see also Fields v. Smith*, 653 F.3d 550, 554-59 (7th Cir. 2011) (affirming a district court's determination that a statute barring hormone treatment and gender reassignment surgery for prisoners was unconstitutional).

THEREFORE, IT IS ORDERED THAT:

1.    This case may proceed to service of process as to Shadle's Eighth and Fourteenth Amendment claims against defendants.

2.    The Clerk of the Court is directed to send to Shadle a copy of the Complaint, a copy of this Memorandum and Order, and twelve (12) summons forms and

USM 285 Form for service on defendants.  (*See* attached Notice Regarding Service.)

Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Shadle is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.  (*See* this Court's General Order No. 2015-06.)

3.      If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Shadle.  In making such a request, Shadle must complete the USM 285 form to be submitted to the Clerk of the Court with the completed summons form.  Without these documents, the United States Marshal will not serve process.  Upon receipt of the completed forms, the Clerk of Court will sign the summons form and forward it to the United States Marshal for service on defendants, together with a copy of the Complaint.

4.      The Clerk of the Court is directed to set the following pro se case management deadline:  August 7, 2017, check for completion of service of process.

5.      The magistrate judge shall monitor the service of process, defendants' answers, and thereafter, progress this case in an expedient fashion.


Dated this 7th day of April, 2017.


BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

**Notice Regarding Federal Rule of Civil Procedure 4**

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. Federal Rule of Civil Procedure 4(e) governs service of process on an individual.

You may ask the United States Marshals Service to serve process, as described in the court's order, because you are proceeding *in forma pauperis*.